## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORIE STANLEY, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANTON BOVOS, in his individual )<br>capacity; CHEROKEE COUNTY, )<br>Oklahoma; SHERIFF NORMAN FISHER, )<br>in his official capacity; )<br>THE CITY OF STILWELL, Oklahoma, a )<br>municipal corporation, THE CHEROKEE )<br>COUNTY, Oklahoma BOARD OF )<br>COUNTY COMMISSIONERS, a )<br>municipal corporation, )<br>)<br>Defendants. ) | Case No. 15-CV-264-JHP |

## OPINION AND ORDER

Before the Court are (1) Defendant Anton Bovos' partial Motion to Dismiss (Doc. No. 14) and (2) Defendant the City of Stilwell's partial Motion to Dismiss (Doc. No. 15). After consideration of the briefs, and for the reasons stated below, Bovos' Motion is **DENIED** and the City of Stilwell's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Corie Stanley filed this action to recover against the defendants for alleged violations of the Fourth Amendment to the United States Constitution. Plaintiff also brings state law tort claims for negligence and false arrest. The First Amended Complaint names as defendants (1) Officer Anton Bovos, in his individual capacity, (2) Sheriff Norman Fisher, (3) the City of Stilwell, Oklahoma, ("City") and (4) the Cherokee County Board of County Commissioners. (Doc. No. 5).

1

According to the First Amended Complaint, on February 13, 2014, Plaintiff, a female, was employed driving students to the Muskogee School for the Blind when she was stopped by Officer Anton Bovos, a police officer for the City of Stillwell, Oklahoma. (Doc. No. 5, ¶¶ 7-8). Bovos told Plaintiff he was going to give Plaintiff a warning ticket for a supposed minor traffic violation. (*Id.* ¶ 9). Before issuing the ticket, Bovos ran Plaintiff's biographical information through the NCIC database to check whether she had other criminal violations. (*Id.* ¶ 10). The search revealed a warrant issued from Cherokee County for the arrest of "Courtney Stanley," identified on the warrant as a white female with an "incorrect" date of birth, who lived in Texas. (*Id.* ¶¶ 11-12, 14). The warrant also incorrectly identified "Courtney Stanley" as female, when he was actually male. (*Id.* ¶ 13). Plaintiff alleges Bovos knew Plaintiff from being married into Plaintiff's family, and knew she was not "Courtney Stanley" and had never lived in Texas, but arrested her anyway. (*Id.* ¶¶ 15-16).

Bovos took Plaintiff to the jail in Adair County, Oklahoma, where the detention officers realized the identifying information on the warrant was incorrect and contacted Cherokee County to inform them they had the "wrong individual in custody." (*Id.* ¶¶ 17-18). Nonetheless, Cherokee County officials insisted Plaintiff was the correct subject of the warrant and directed Adair County jail officers to hold and process Plaintiff. (*Id.* ¶ 19). Adair County detention officers strip searched Plaintiff and held her for approximately five hours, at which time the error on the warrant was discovered and Plaintiff was released. (*Id.* ¶¶ 20-21).

Plaintiff asserts a total of seven causes of action against four defendants. Relevant to the motions at issue, Plaintiff seeks: (1) relief under 42 U.S.C. § 1983 against Bovos for violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution by making a false arrest (Count I); (2) recovery against City for having an "unconstitutional policy" that led to

violation of Plaintiff's civil rights (Count IV); (3) recovery against City for negligent training and supervision of Officer Bovos (Count V); (4) recovery against City under the Oklahoma Governmental Tort Claims Act ("OGTCA"), OKLA. STAT. tit. 51, §§ 151 *et seq.* for negligent breach of its duty to "process and execute arrest warrants in a reasonable manner" (Count VI); and (5) relief against Bovos and City for common law false arrest (Count VII). (*Id.* ¶¶ 25-29; 36-50).

Defendants Bovos and City have now filed partial Motions to Dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law.[1]

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of

---

[1] Although Bovos and City style their respective motions as "Motions to Dismiss" rather than partial motions to dismiss, neither motion addresses all claims asserted against Bovos or City.

a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

## I. Motion of Bovos

Plaintiff asserts two claims against Officer Bovos: (1) relief under 42 U.S.C. § 1983 for his false arrest of Plaintiff, in violation of her rights under the Fourth Amendment to the United States Constitution (Count I); and (2) common law false arrest (Count VII).

### A. Section 1983 False Arrest (Count I)

With respect to Plaintiff's § 1983 claim, Plaintiff alleges Bovos arrested her without probable cause, which violated her right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment. Bovos contends Plaintiff fails to state a § 1983 claim against him because he arrested Plaintiff pursuant to a valid warrant, which provided probable cause for the arrest. To state a claim for relief in a § 1983 action, a plaintiff must establish the defendant's conduct deprived him of a federal constitutional or statutory right and the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

An arrest violates the Fourth Amendment when it is not based on probable cause. To determine whether probable cause existed for an arrest, the "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information [must be] sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Jones v. City and Cty. of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964), *United States v. Swingler*, 758 F.2d 477, 486 (10th Cir. 1985)). In this regard, officers may rely on information provided to them by the NCIC

database.  An officer is "'entitled to rely on the reasonably trustworthy information provided to them by the dispatcher, even if the information was later determined to be faulty or inadequate.'" *Cook v. Ottawa Cty. Bd. Of Cty. Comm'rs*, 2006 WL 2945401, at *4 (N.D. Okla. Oct. 13, 2006) (quoting *Miller v. City of Nichols Hills Police Dep't*, 42 F. App'x 212 (10th Cir. 2002)). Mistaken identity arrests are likewise governed by a reasonableness standard: "when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971) (quotation omitted). Accordingly, the arrest is constitutionally valid when "the officer's mistake was understandable and the arrest a reasonable response to the situation facing them at the time." *Id.* at 804.

Here, Plaintiff has sufficiently alleged that Bovos' mistake as to the identity of the subject of the arrest warrant was not reasonable under the circumstances. Plaintiff alleges (1) that Bovos knew Plaintiff because Bovos was married into Plaintiff's family; (2) that the warrant stated the subject lived in Texas, and Bovos knew Plaintiff had never lived in Texas because of his personal relationship with her; and (3) the subject of the warrant was "Courtney Stanley," which is different from Plaintiff's name. (Doc. No. 5, ¶¶ 11, 14-16).[2] According to Plaintiff's allegations, the warrant was not facially valid for her arrest and had information, including state of residence, that plainly contradicted facts that Bovos knew applied to Plaintiff.

For this reason, Bovos' reliance on *Hill v. Bogans*, 735 F.2d 391 (10th Cir. 1984), *Smyth v. City of Lakewood*, 1996 WL 194715 (10th Cir. Apr. 19, 1996), and *Loughridge v. City of Norman*, 2007 WL 2079833 (W.D. Okla. July 16, 2007) is misplaced. In *Hill*, the plaintiff was

---

[2] In her response to Bovos' Motion to Dismiss, Plaintiff argues Bovos was also "aware that the real subject of the warrant at issue was not a white female but in fact a black male." (Doc. No. 19, at 4). However, the First Amended Complaint does not allege Bovos was aware of such inaccuracies at the time of the arrest. Accordingly, the Court cannot consider this argument.

5

arrested pursuant to a facially valid arrest warrant that later was discovered to have been withdrawn months earlier. 735 F.2d at 392-93. The Tenth Circuit affirmed dismissal of the plaintiff's suit for the arresting officer's failure to check the validity of the warrant upon plaintiff's request, stating, "Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Id.* at 393. *See also Smyth*, 1996 WL 194715, at *3-4 (no Fourth Amendment violation when plaintiff was arrested pursuant to facially valid bench warrant despite plaintiff's contention that warrant referred to a nonarrestable traffic infraction and was unsupported by proper affidavit); *Loughridge*, 2007 WL 2079833, at *2-4 (no Fourth Amendment violation when officer arrested plaintiff in reliance on unconfirmed but accurate NCIC information). Here, by contrast, Plaintiff alleges the warrant was facially invalid as to identifying her as the subject, and Bovos acted unreasonably in ignoring the contradictory information on the warrant and arresting her anyway. Accordingly, Bovos' motion is denied with respect to the § 1983 false arrest claim.

### B. Strip Search

Bovos separately argues he cannot be held liable under § 1983 for damages related to the strip search that occurred in the Adair County jail. As Bovos correctly points out, to prevail on a § 1983 claim against an individual, a plaintiff must show the officer acted under color of law and personally participated in the alleged constitutional violation. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Here, Plaintiff does not allege Bovos personally participated in or was present during the strip search. Accordingly, Bovos could not be held individually liable under § 1983 for claims pertaining to the alleged strip search.

However, the Court fails to appreciate the relevance of Bovos' argument, as Plaintiff's § 1983 claim against Bovos concerns only the arrest itself, not the subsequent detention and strip

search.  In her response brief, Plaintiff asserts the strip search is relevant to her claims against Bovos only with respect to damages.  Plaintiff cites *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1250-51 (D.N.M. 2009), in which the District of New Mexico found a plaintiff who establishes liability for deprivations of constitutional rights actionable under § 1983 may recover compensatory damages for all injuries suffered as a consequence of those deprivations. Accordingly, the district court in *Train* concluded such damages "may include damages flowing from post-indictment legal process," including appropriate emotional distress damage.  *Id.* at 1251.  Bovos did not file a reply to Plaintiff's response brief, and accordingly did not respond to Plaintiff's argument here with respect to damages.  The Court concludes the issue of whether Plaintiff may seek such damages against Bovos is not properly raised at this time.  Accordingly, the Court will not pass judgment on the issue of damages.

      **C.**     **Common Law False Arrest (Count VII)**

Finally, Bovos' motion does not address Plaintiff's claim against him for common law false arrest (Count VII).  Accordingly, the Court will not pass judgment on the viability of this claim. Bovos' motion is denied.

**II.**     **Motion of City of Stilwell**

Plaintiff asserts four causes of action against City:  (1) relief for City's "unconstitutional policy" that led to violation of Plaintiff's civil rights (Count IV); (2) negligent training and supervision of Officer Bovos (Count V); (3) an OGTCA claim for negligent breach of City's duty to "process and execute arrest warrants in a reasonable manner" (Count VI); and (4) common law false arrest (Count VII).

### A. Section 1983 Municipal Liability (Count IV)

City argues Plaintiff has failed to plead sufficient facts to support a Fourth Amendment claim pursuant to § 1983, which entitles City to dismissal. A municipality is liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). City argues Plaintiff fails to make any factual allegations against it to support such a claim.

The Court agrees. With respect to Count IV, Plaintiff's sole allegation is that "The City of Stilwell, Oklahoma had an unconstitutional policy that lead [sic] to the violation of the Plaintiff's civil rights." (Doc. No. 5, ¶ 37). This allegation is no more than a "threadbare recital[] of the elements of a cause of action" for municipal liable under § 1983, which is insufficient to show Plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Count IV includes no factual allegations in support of this claim. Plaintiff does not dispute City's argument but asks for an opportunity to amend her complaint to provide a factual basis for her allegations. Accordingly, Count IV is dismissed without prejudice as to City.

### B. Negligent Training and Supervision (Count V)

Second, City argues Plaintiff fails to plead a Fourth Amendment violation for negligent training and supervision, which entitles City to dismissal of Count V. Again, the Court agrees. With respect to Count V, Plaintiff alleges City "was responsible for the training and supervision of Officer Anton Bovos," "[t]hat said employee was negligently trained and supervised amounting to deliberate indifference," and "[t]hat said negligent training and supervision led to a violation of the Plaintiff's rights." (Doc. No. 5, ¶¶ 39-41). These allegations are mere

conclusory allegations amounting to no more than a threadbare recitation of the elements of a constitutional claim, which are insufficient under the *Twombly/Iqbal* standard. *See Iqbal*, 556 U.S. at 678. Plaintiff does not even specify which constitutional amendment is allegedly violated with respect to this claim. Such threadbare, conclusory allegations are insufficient to state a claim for negligent training and supervision, because they fail to put City on notice of the basis for the claim against it. *See Robbins*, 519 F.3d at 1248. As with Count IV, Plaintiff does not dispute City's argument but asks for an opportunity to amend her complaint to provide a factual basis for her allegations. Accordingly, Count V is dismissed without prejudice as to City.

### C. Negligence (Count VI)

#### 1. OGTCA Notice Requirements

Third, City argues Plaintiff failed to comply with the prerequisites of written notice of claim and denial of claim provisions of the OGTCA, OKLA. STAT. tit. 51, §§ 156 and 157, which mandates dismissal of the negligence claim against it. Specifically, City argues Plaintiff violated § 156(E) of the OGTCA by failing to provide the "address and telephone number of the claimant" in the written notice of claim as required by the statute. City attaches Plaintiff's Notice of Claim and Amended Notice of Claim against City (Doc. Nos. 15-1, 15-2), which indeed do not include Plaintiff's address or telephone number.[3]

In response, Plaintiff points to the remedy provision of § 156(E), which states, "Failure to state either the date, time, place and circumstance and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not

---

[3] City argues the Court may take judicial notice of Plaintiff's Notice of Claim and Amended Notice of Claim, because they are matters of public record. Plaintiff does not oppose City's argument. The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). City has not attempted to show Plaintiff's OGTCA notices are matters of public record. However, the Court will treat them as such for purposes of this motion, because City's argument for dismissal based on the deficient notices nonetheless fails.

9

invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision." Plaintiff argues City never requested any supplement to her Notice of Claim or Amended Notice of Claim to furnish the missing address and telephone number. Moreover, Plaintiff argues "substantial compliance with the notice requirements of the [OGTCA] is satisfactory as long as enough information is provided to fulfill the purposes of those requirements." *Kennedy v. City of Talihina*, 265 P.3d 757, 760 (Okla. Civ. App. 2011) (citing *Mansell v. City of Lawton*, 901 P.2d 826, 830 (Okla. 1995)).

Here, the Court finds Plaintiff substantially complied with the OGTCA's notice requirements. Plaintiff's Notice of Claim and Amended Notice of Claim, though technically deficient, provided City with sufficient information to investigate and defend against Plaintiff's claim. City does not argue that Plaintiff's omission of her address and telephone number prejudiced City in any way.

Moreover, "[t]he [O]GTCA should not be given a construction which will defeat the ends of justice." *Duncan v. City of Stroud*, 346 P.3d 446, 450 (Okla. Civ. App. 2015) (quoting *Reirdon v. Wilburton Bd. Of Educ.*, 611 P.2d 239, 241 (Okla. 1980) (quotation marks omitted)). While it is unclear precisely what information is subject to the remedy provision of § 156(E), it would defeat the ends of justice to construe the statute to invalidate Plaintiff's notices based on omission of Plaintiff's address and telephone number. *See Crockett v. Cent. Oklahoma Transp. & Parking Auth.*, 231 P.3d 748, 753-54 (Okla. Civ. App. 2010) (Although plaintiff's OGTCA written notice of claim "did not contain all of the information identified in this statute, section 156(E) is clear; the lack of certain required information does not 'invalidate the notice.'"). The Court will not dismiss Plaintiff's negligence claim against City on this basis.

### 2. Failure to State a Claim

City additionally argues Plaintiff has failed to demonstrate a prima facie case of negligence against it. A prima facie case of negligence requires allegations demonstrating (1) the existence of a duty on party of the defendant to protect plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) an injury to plaintiff resulting from such failure. *Nicholson v. Tacker*, 512 P.2d 156, 158 (Okla. 1973). Here, City argues Plaintiff's negligence claim fails, because (1) City owed no duty to Plaintiff "to process and execute arrest warrants in a reasonable manner," (2) City did not breach any duty by "fail[ing] to list the proper identification in the arrest warrants that led to the Plaintiff's arrest," and (3) City did not breach any duty by "continu[ing] to incarcerate and/or maintain custody of Plaintiff" when it was "made aware that the Plaintiff was not the person who was actually the subject of the arrest warrant." (Doc. No. 5, ¶¶ 43-45). Plaintiff did not respond to City's argument with respect to this claim.

The Court agrees Plaintiff does not sufficiently allege City breached a duty by failing to list the proper identification on the arrest warrants that led to Plaintiff's arrest or by maintaining custody of Plaintiff after becoming aware Plaintiff was not the subject of the arrest warrant. Plaintiff alleges Cherokee County issued the incorrect arrest warrant that led to Plaintiff's arrest. (Doc. No. 5, ¶ 11). Plaintiff further alleges Cherokee County officials "directed Adair County Detention Center and/or Adair County Jail to hold and process the Plaintiff for incarceration," even after Adair County Detention Center and/or Adair County Jail became aware that the identifying information on the warrant was incorrect. (Doc. No. 5, ¶¶ 18-19). Plaintiff's factual allegations do not demonstrate City was involved in the alleged negligent acts. Accordingly, Count VI is dismissed without prejudice as to City.

11

### D. Common Law False Arrest (Count VII)

Finally, City's motion does not address Plaintiff's claim against it for common law false arrest (Count VII). Accordingly, the Court will not pass judgment on the viability of this claim. Count VII remains for resolution as to City.

### CONCLUSION

For the reasons detailed above, the partial Motion to Dismiss filed by Anton Bovos (Doc. No. 14) is **DENIED**. The partial Motion to Dismiss filed by the City of Stilwell (Doc. No. 15) is **GRANTED**. Count VII remains for resolution as to the City of Stilwell.

**IT IS SO ORDERED** this 2nd day of August, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma